**FILED**

SEP 19 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Logan Blömqvist and Todd Myers,
Plaintiffs,

v.

Extra Space Storage, Inc.; Noreta Mendez; Jessica Brubaker; David Gallegos; Bernie [last name unknown]; John Doe Property Manager(s); and DOES 1–25,
Defendants.

Case No.: 5:25-cv-07867-~~VKD~~ EKL

**COMPLAINT FOR:**
(1) Violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq.;
(2) Violation of Section 504 of the Rehabilitation Act, 29 U.S.C. §794 (pled in the alternative / as applicable);
(3) Violation of California Unruh Civil Rights Act, Cal. Civ. Code §51;
(4) Violation of California Civil Code §51.7 (Ralph Act);
(5) Violation of California Self-Service Storage Facility Act, Bus. & Prof. Code §§21700–21716;
(6) Breach of Contract and Breach of Covenant of Quiet Enjoyment (Cal. Civ. Code §1927);
(7) Conversion / Wrongful Withholding of Personal Property;
(8) Intentional Infliction of Emotional Distress;
(9) False Police Reporting (Cal. Penal Code §148.5) and related torts;
(10) Violation of 42 U.S.C. §1983 (under color of state law via misuse of law enforcement to deprive Plaintiffs of rights);
(11) Unfair Competition / Unfair Business Practices (Cal. Bus. & Prof. Code §17200).

**DEMAND FOR JURY TRIAL** (for claims entitling Plaintiffs to a jury)

Plaintiffs Logan Blömqvist ("Logan") and Todd Myers ("Todd"), by and through themselves pro se, complain and allege as follows:

COMPLAINT EMERGENCY TRO

## PARTIES

1. Plaintiff Logan Blömqvist is an individual and a tenant who rented storage Unit L-101 at Extra Space Storage, 241 W Sunnyoaks Ave, Campbell, CA 95008 beginning October 4, 2024. She is disabled (PTSD, cardiac condition, other medical issues) and stores essential medications and medical equipment in Unit L-101.

2. Plaintiff Todd Myers is an individual and tenant who rented Unit #4060 at Extra Space Storage, 950 University Avenue, Los Gatos, CA 95032 on or about September 6, 2025. Todd stored medically necessary items, a nebulizer, inhalers, and work gear necessary to do his job.

3. Defendant Extra Space Storage, Inc. ("Extra Space") is a national self-storage operator that does business in California and owns/operates the Campbell and Los Gatos facilities identified above.

4. Defendants Noreta Mendez, Jessica Brubaker, David Gallegos, Bernie, and John Doe Property Manager(s) are managers, agents, employees or supervisors of Extra Space who, acting in the course and scope of their employment and authority, committed the acts alleged. Plaintiffs will amend to add last names for Bernie and John Doe(s) when identified.

5. Plaintiffs are informed and believe, and on that basis allege, that Defendants named as DOES 1–25 intentionally or negligently aided and abetted, controlled, ratified, directed, or otherwise participated in the wrongful conduct described below.

## JURISDICTION & VENUE

6. This Court has federal question jurisdiction under 28 U.S.C. §1331 and 42 U.S.C. §12188 (ADA). Supplemental jurisdiction over state claims is proper under 28 U.S.C. §1367.

7. Venue is proper in this District under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims occurred within the Northern District of California (Campbell and Los Gatos facilities).

## FACTUAL ALLEGATIONS — TIMELINE (OCTOBER 4, 2024 THROUGH SEPTEMBER 18, 2025)

8. Logan rented Unit L-101 at Extra Space, 241 W Sunnyoaks Ave, Campbell, CA, beginning October 4, 2024. From October 2024 through Spring 2025, Logan paid rent on time each month despite repeated and unilateral rent increases by Extra Space that were made without written notice or executed amendment to the rental agreement.

9. Payment history summary (subset of internal payment records provided by Plaintiffs): initial charge 10/04/2024 $150.86; recurring $100 to $200 amounts, then increases to $200 and ultimately $290 in August 2025. On August 4, 2025, Logan paid $290 (autopay attempted). Prior monthly payments were made in full and on time. (Plaintiffs will lodge the payment history as an exhibit.)

10. In or around June–August 2025, Extra Space twice increased Plaintiff Logan's rent substantially and without any written notice or a written amendment to the lease. After complaint by Plaintiffs and discussion with store staff, one manager (John Doe property manager at the Los Gatos/Campbell location) tacitly reduced the amount to $247, thereby admitting the prior hike was irregular.

11. Logan had autopay set for what she reasonably believed would be charged to her bank. On or about late June 2025, the Social Security Administration suspended Logan's presumptive disability (PD/SSI/SSDI) deposits without notice; as a result, Logan's bank rejected the unexpected $290 debit in August 2025. Until that suspension, Logan had timely paid for nearly a year.

12. On September 6, 2025, Todd lawfully rented Unit #4060 at the Los Gatos Extra Space facility (950 University Avenue). Todd presented an unexpired California driver's license to Bernie (site manager) and obtained an access code and keys. Todd rented the unit to store medically necessary items and work equipment for his employment.

13. Also on September 6, 2025, at or near the Los Gatos facility, a Campbell unit holder (unrelated third party) hurled racist insults at Todd in public around the storage premises; the incident was distressing and contributed to Todd's decision to rent his own nearby unit in Los Gatos.

14. On September 7, 2025, Plaintiff Logan delivered a written notice to the Campbell site manager (David Gallegos) describing the harassment against Todd and requesting reasonable ADA accommodations (e.g., email-only communications, assistance retrieving medications). Logan also emailed

corporate compliance to put Extra Space on notice and demanded that no lock be placed on her unit pending court action because it contains essential medication and medical equipment.

15. On September 8, 2025, Plaintiffs attended the Los Gatos facility. Manager Noreta Mendez told Plaintiffs that an electronic "move-out confirmation" had been fabricated with respect to Todd's account and expressly admitted that Extra Space was terminating Todd's lease in apparent retaliation for Plaintiffs' assertion of rights and/or pending complaints. Ms. Mendez deleted or deactivated Todd's online account, and immediately restricted his access to "office hours only," notwithstanding Todd's valid lease and paid rent.

16. On September 8, 2025, Plaintiff Logan called the Los Gatos Police Department for a civil standby and to ask officers to verify Todd's lease and ensure his lawful access. Officer Heather Murphy (badge # S121; LGPD incident/case number 2509080093) responded. Officer Murphy refused to review Todd's valid written lease, refused the requested civil standby (told Plaintiffs civil standbys were only for domestic violence-type incidents), and declared Plaintiffs to be trespassing at the direction of the property manager without requiring Extra Space to show written proof of termination. Officer Murphy also told Plaintiffs they could return to the site only if Todd was physically present and only to remove items, not to bring items in. As a result, Plaintiffs were forced to leave without Todd's inhaler and other medical supplies.

17. On September 9, 2025, Plaintiff Logan (acting alone; Todd was not present) visited the Campbell facility (241 W Sunnyoaks Ave). Campbell site manager David Gallegos and manager Bernie assisted Logan. David/Bernie removed the overlock to allow Logan to search and retrieve items from Unit L-101 during office hours; Logan retrieved some clothing and supplies but could not find critical items (chemotherapy medication, blood pressure cuff, heart monitor, Todd's nebulizer). David provided protective plastic for stored items because the facility was being painted.

18. Immediately after Campbell, Logan went to the Los Gatos facility on September 9, 2025. Ms. Mendez met Logan at the entrance, escorted her into the building and up to Todd's unit. The unit bore a large red overlock. Ms. Mendez said she would remove the overlock each time Plaintiffs needed access and escort Logan, though no lawful notice of delinquency or lien had been mailed to Todd (as required by Cal. Bus. & Prof. Code §21705).

19. While Logan was at the Los Gatos unit on September 9, 2025, the John Doe property manager (the manager who has repeatedly harassed Plaintiffs) approached, got into Logan's personal space (on September 8 he had physically advanced into Logan's space and said "GET OUT OF HIS WAY"), and loudly accused Logan of trespassing. On September 9 this manager yelled "LOGAN — WHAT ARE YOU DOING HERE?!!!" then later shouted "WHAT THE FUCK IS YOUR PROBLEM?!" He mocked Logan using racist tropes — e.g., instructing her "don't be giving me that whole finger-wagging, head-rolling attitude," and then told her "this is what you get for pulling that stunt with the police yesterday — that's why your son's account has been cancelled!" Plaintiffs recorded portions of the interaction and have contemporaneous notes and a short video that capture that the manager described Logan as "black" to police and used racialized language. The manager then called police and accused Plaintiffs of trespassing.

20. On September 9, 2025, Officer Heather Murphy again attended (same badge S121, same LGPD case series) and again refused to investigate or verify Todd's valid lease, again accepted Extra Space staff's statements without demanding proof, and compelled Plaintiffs to leave, denying Todd access to medications and work gear.

21. On September 12–13, 2025, Plaintiffs again sought police assistance. On September 13, 2025, Officer Winston Appling (# S124) arrived after Logan called LGPD, reviewed Plaintiffs' documents (including Todd's signed authorization for Logan to act on his behalf and a copy of Todd's driver's license), and escorted Logan into the Los Gatos facility. Bernie removed the red overlock and Logan used Todd's personal lock to open the unit. Logan retrieved a quantity of items but still could not find several essential medications and devices. Bernie replaced the red overlock after Logan departed. Officer Appling issued an incident number and advised Plaintiffs to call if it happened again — but he stressed that officers had no authority to change lease disputes and could only assist if asked to perform specific functions within the law.

22. On September 18, 2025, Plaintiffs (Logan and Todd) again visited the Los Gatos facility. Ms. Mendez refused to provide access consistent with the lease, locked the office early before the stated closing hour (6:00 p.m.), and refused to unlock the door for Plaintiffs while they waited. Local police said they could not arrive in time and suggested Plaintiffs obtain a judicial order. Plaintiffs again departed without recovering all medication and supplies. These events continue the pattern of escalating, discriminatory, retaliatory treatment by Extra Space employees and agents.

23. Throughout these incidents Extra Space: (a) placed or left overlocks on Plaintiffs' units without mailing any statutorily required 14-day lien notice and opportunity to cure (Cal. Bus. & Prof. Code §21705); (b) unilaterally increased Logan's rent without written notice or executed amendment and then later adjusted it informally; (c) fabricated records (an unauthorized "move-out confirmation") and/or processed a false move-out; (d) cancelled or deactivated Todd's access and online account without lawful process; and (e) repeatedly made false police reports and threatened Plaintiffs with arrest despite Plaintiffs' lawful tenancy.

24. Extra Space knowingly refused to provide reasonable ADA accommodations requested by Plaintiffs (i.e., email-only communications, assistance retrieving medications, and recognition of Todd's written authorization allowing Logan to act on his behalf), and made defamatory, racially-charged remarks in the course of refusing access.

25. The denial of access to Logan's chemotherapy medication and to Todd's respirator/nebulizer and inhalers, and to Todd's employment gear, has and will continue to cause irreparable harm to Plaintiffs' health, employment, and livelihood. Monetary damages cannot adequately remedy the immediate threat to health and the ongoing emotional trauma and lost wages.

**CLAIMS FOR RELIEF**

(pleaded in the alternative where appropriate)

**COUNT I** — Violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §12182 et seq.

26. Plaintiffs reallege and incorporate paragraphs 1–25.

27. Extra Space Storage is a place of public accommodation under Title III. Plaintiffs are individuals with disabilities who requested reasonable modifications (email communications, assistance retrieving medications, and recognition of Todd's written authorization). Defendants discriminated against Plaintiffs by denying access, failing to make reasonable modifications, and retaliating against Plaintiffs for requesting accommodations.

28. Plaintiffs are entitled to injunctive relief under 42 U.S.C. §12188(a) to enjoin the discriminatory conduct and to require reasonable modifications and full access, including immediate restoration of access to their storage units and the accommodation of email-only communications.

**COUNT II — Violation of Section 504 of the Rehabilitation Act, 29 U.S.C. §794 (if applicable)**

29. Plaintiffs reallege and incorporate paragraphs 1–28. To the extent any defendant receives federal financial assistance (information will be supplied when verified), their conduct violates Section 504 by denying Plaintiffs access on the basis of disability and failing to provide reasonable accommodations.

**COUNT III — Violation of California Unruh Civil Rights Act, Cal. Civ. Code §51**

30. Plaintiffs reallege and incorporate paragraphs 1–29. Extra Space's discriminatory policy, conduct and statements denied Plaintiffs full and equal accommodations and services because of their disabilities, and because of race/ancestry. Plaintiffs are entitled to injunctive relief, statutory damages, and attorneys' fees under the Unruh Act.

**COUNT IV — Violation of Ralph Civil Rights Act, Cal. Civ. Code §51.7**

31. Plaintiffs reallege and incorporate paragraphs 1–30. Defendants' managers threatened and intimidated Plaintiffs because of race and disability; their conduct was violent and intimidating and falls within §51.7.

**COUNT V — Violation of California Self-Service Storage Facility Act, Bus. & Prof. Code §§21700–21716**

32. Plaintiffs reallege and incorporate paragraphs 1–31. Defendants denied Plaintiffs access without mailing a written lien notice at least 15 days prior or providing the statutorily required 14-day cure period, in violation of §21705(a) and §21712. Plaintiffs seek injunctive relief, statutory penalties, and other relief under the Storage Act.

**COUNT VI — Breach of Contract & Breach of Covenant of Quiet Enjoyment (Cal. Civ. Code §1927)**

33. Plaintiffs reallege and incorporate paragraphs 1–32. The lease agreements are valid written contracts. Defendants breached the lease and the implied

covenant of quiet enjoyment by interfering with Plaintiffs' possession, locking units, fabricating move-out confirmations, and summarily terminating access without notice or cause.

## COUNT VII — Conversion / Wrongful Withholding of Personal Property

34. Plaintiffs reallege and incorporate paragraphs 1–33. By denying access, over-locking units, and refusing to return Plaintiffs' personal property (medication, medical devices, employment gear), Defendants have converted and wrongfully withheld Plaintiffs' property and are liable for conversion.

## COUNT VIII — Intentional Infliction of Emotional Distress

35. Plaintiffs reallege and incorporate paragraphs 1–34. Defendants' conduct (racist taunts, threats, denial of essential medication, repeated false police reports, humiliation in public, deliberate retaliation) was extreme and outrageous, done with malice and intent (or reckless disregard) to cause emotional distress, and caused severe emotional harm to Plaintiffs.

## COUNT IX — False Police Reporting / Abuse of Process / Cal. Penal Code §148.5 (civil claim)

36. Plaintiffs reallege and incorporate paragraphs 1–35. Defendants knowingly provided false information to police (reporting Plaintiffs as trespassers when Extra Space had escorted them in; fabricating reasons for termination), triggering Penal Code §148.5 and related tort liability. Plaintiffs seek injunctive relief and referral to appropriate prosecuting authorities.

## COUNT X — 42 U.S.C. §1983 (as pleaded)

37. Plaintiffs reallege and incorporate paragraphs 1–36. By knowingly fabricating police reports and otherwise inducing law enforcement to deprive Plaintiffs of equal protection and rights secured under the Constitution and federal law, Defendants conspired (or acted in concert) with state actors to effect a deprivation of rights under color of state law. Plaintiffs seek injunctive relief and damages under §1983 or other appropriate causes.

## COUNT XI — Unfair Competition Law (Cal. Bus. & Prof. Code §17200)

COMPLAINT EMERGENCY TRO

38. Plaintiffs reallege and incorporate paragraphs 1–37. Defendants' practices described above constitute unfair, unlawful and fraudulent business practices under §17200.

## PRAYER FOR RELIEF — INJUNCTIVE / EMERGENCY & OTHER RELIEF

WHEREFORE, Plaintiffs request the Court grant the following relief:

A. Issue an emergency Temporary Restraining Order (ex parte, without notice under Fed. R. Civ. P. 65(b)) and subsequently a Preliminary Injunction restraining Defendants, their agents and employees from continuing the unlawful conduct and ordering the specific, immediate relief below;

B. Enter an order requiring Defendants, within 30 minutes of service by the U.S. Marshals Service (or within 30 minutes of service by any sheriff or law enforcement officer if U.S. Marshals are not available), to:

1. Remove any and all overlocks, padlocks, and other physical impediments preventing Plaintiffs from access to Unit L-101 (Campbell) and Unit #4060 (Los Gatos) and restore full access codes for normal operating hours (6:00 a.m.–10:00 p.m. daily), and reinstate 24/7 access for Todd at Los Gatos if requested and paid;

2. Refrain from re-locking or restricting access except in strict compliance with Cal. Bus. & Prof. Code §§21705–21712 or a further federal court order;

3. Provide Plaintiffs written proof by email to logan.blomqvist@icloud.com and hockey_check@icloud.com before close of business the same day that access has been fully restored;

4. Cease and desist any harassment, intimidation, racial or disability-based comments, threats, and false police reporting against Plaintiffs;

5. Maintain the status quo of all lease terms (no cancellation, termination, unilateral rent increases, or alterations) and be barred from changing any term of Plaintiffs' contracts without express, prior written federal court approval;

COMPLAINT EMERGENCY TRO

6. Provide Plaintiffs a written accounting and correction for all unauthorized price increases applied to Logan's account and credit the amount to her balance or refund as the Court directs;

7. Permit Plaintiffs to move from Todd's smaller unit to a larger unit with the originally-promised promotional first month free if Plaintiff elects to do so and pay for 24/7 access without interference;

8. Restrict all communications with Plaintiffs to email only as a reasonable ADA accommodation (no phone calls, no in-person demands), unless Plaintiffs expressly agree otherwise in writing;

9. Prohibit Defendants, their employees and agents (including but not limited to Noreta Mendez, Jessica Brubaker, Bernie, John Doe manager(s), and any named or unnamed facility employees) from approaching Plaintiffs or their vehicle within 100 yards (maximum reasonable distance) and issue a stay-away order;

10. Require Defendants to preserve all records and communications (emails, texts, internal logs, CCTV footage, move-out confirmations, account notes, officer calls) related to Plaintiffs' accounts and to produce them under appropriate protective order or for in-camera review by the Court.

11. C. Order that this TRO be served by the U.S. Marshals Service (Fed. R. Civ. P. 4) and that, if marshals are unavailable, the TRO may be served and enforced by local sheriffs or local law enforcement, who are authorized to enforce the TRO upon presentation of a certified copy of the order;
D. Impose immediate coercive fines for noncompliance of $5,000 per day (or such reasonable coercive fine as the Court deems appropriate) to be imposed automatically until Defendants fully comply, and reserve jurisdiction to impose escalating sanctions (including but not limited to monetary fines, attorneys' fees, default judgment, and incarceration for willful contempt);
E. Retain jurisdiction to consider and impose sanctions (civil and referral to criminal prosecutors) for both past and future violations, including a referral to the appropriate prosecuting authority for false police reports and criminal contempt if warranted;
F. Permit in-camera review of Plaintiffs' medical records, State benefits records (SNAP, General Assistance/PD), and employment verification to assess accommodations and prejudice while preserving Plaintiffs' privacy;
G. Award Plaintiffs compensatory damages, statutory damages, punitive damages where applicable, reasonable attorneys' fees and costs, and

prejudgment interest; and

H. Grant such other relief as the Court deems just and proper.

**JURY DEMAND**

1. Plaintiffs demand a jury trial on all claims so triable.
Dated: September 19, 2025
Respectfully submitted,
/s/ Logan Blömqvist (pro se)
Logan Blömqvist
Phone: 650-245-5541
Email: logan.blomqvist@icloud.com

/s/ Todd Myers (pro se)
Todd Myers
Email: hockey_check@icloud.com

# Civil Standby Request – Extra Space Storage, Los Gatos

**To:** Responding Officer, Los Gatos Police Department
**Date:** September 13, 2025

I, **Logan Dakota Kai Blömqvist**, respectfully request a **civil standby** today at Extra Space Storage, **950 University Avenue, Los Gatos, CA 95032**, where my son **Todd Myers** rents a storage unit.

---

## Key Facts & Legal Violations

- **Valid Lease & Payment (No Default):**
  Todd executed a written lease on **Sept. 6, 2025**, paid rent in full, and received confirmation the lease runs through **Oct. 6, 2025**.
  ‣ *Lease Reference:* **Paragraph 2 – Term & Renewal** ("This Rental Agreement shall continue month-to-month until terminated by either party in accordance with Section 5").
  ‣ *Violation:* Denying access with no written termination notice violates **Cal. Bus. & Prof. Code §21705(a)** (14-day lien notice required before restricting access).

- **Improper Overlock (Sept. 8 & 9, 2025):**
  A red overlock was placed on Todd's unit only **3 days after the lease began**, despite rent being current.
  ‣ *Lease Reference:* **Paragraph 5 – Default** (requires written notice of default and opportunity to cure before any denial of access).
  ‣ *Violation:* §21705(a) – "operator shall not deny an occupant access… unless a lien notice has been mailed and 14 days have passed without payment."

- **Fabricated "Move-Out" Record:**
  Manager **Noreta Mendez** admitted that a false "move-out confirmation" was entered into Todd's account, though Todd never authorized a move-out.
  ‣ *Lease Reference:* **Paragraph 3 – Use of Premises/Termination** (tenant must provide written notice of intent to vacate).
  ‣ *Violation:* §21712(a) – contracts must be in writing; fabricated records are unlawful.

- **Explicit Retaliation:**
  On Sept. 9, another manager shouted: *"This is what you get for pulling that stunt with the police yesterday. That's why your son's account has been cancelled!!"*
  ‣ *Violation:* Retaliation for exercising rights violates **42 U.S.C. §12182(a)** (ADA Title III) and **Cal. Civ. Code §51(b)** (Unruh Act).

- **Racial & Disability Harassment:**
  Same manager mocked me with racist stereotypes ("finger wagging, head rolling attitude")

and cursed aggressively.
  ‣ *Violation:* **Cal. Civ. Code §51.7** (Ralph Act – freedom from intimidation by threat of violence due to race/disability).

- **False Police Report:**
Staff called police claiming I was "trespassing," even though Mendez had just escorted me inside.
  ‣ *Violation:* **Cal. Penal Code §148.5(a)** – knowingly filing false crime report.

## Request

I respectfully ask Los Gatos PD to provide a **civil standby today** so I can:

1. Safely access Todd's unit with his written authorization (attached below).
2. Retrieve critical medications, medical equipment, and Todd's work gear.
3. Prevent further harassment, retaliation, or false trespass reports by Extra Space staff.

## Attachments:

- Todd's signed lease (highlight Paragraphs 2, 3, and 5)
- Proof of September rent paid
- Stamped TRO petition (filed Sept. 12, 2025)
- Campbell payment history
- Todd's authorization with driver's license

Respectfully,

*/s/ Logan Dakota Kai Blömqvist*

**Logan Dakota Kai Blömqvist**
Phone: 650-245-5541

## AUTHORIZATION STATEMENT

I, **Todd Myers**, am the lawful tenant of a storage unit at Extra Space Storage, 950 University Avenue, Los Gatos, under a lease executed **Sept. 6, 2025**, valid through **Oct. 6, 2025**. I am current on rent payments.

I hereby authorize my mother, **Logan Dakota Kai Blömqvist**, to act on my behalf for all purposes related to my storage unit, including:

- Accessing the unit to retrieve or place property, **with or without my being physically present at the property**.
- Communicating with Extra Space Storage staff.

- Presenting this authorization to law enforcement to verify her authority.

This authorization is effective immediately and shall remain valid until the end of my lease term, unless revoked in writing.

Signed, *Todd Myers*

**Todd Myers**
Date: September 13, 2025

## Games

| Game | Date | Time | Rink | League | Level | Away | Home | Type | Official1 | Official2 |
|---|---|---|---|---|---|---|---|---|---|---|
| 540091 | Fri Sep 19 | 9:15 PM | San Jose Grey | SIAHL@SJ | Adult Division 4A | OHC | Royals HC | RG/FW26 | Niklas Myers | Mark Espinosa |
| 541155 | Fri Sep 19 | 10:45 PM | San Jose Grey | SIAHL@SJ | Adult Division 4A | Beerhawks | Scorpions | RG/FW26 | Niklas Myers | Mark Espinosa |
| 541162 | Sat Sep 20 | 6:15 PM | San Jose Sharks | SIAHL@SJ | Adult Division 6A | The Fruit Company | SJ Sofa Kings | RG/FW26 | Niklas Myers | Alexand Dillon |
| 541163 | Sat Sep 20 | 7:45 PM | San Jose Sharks | SIAHL@SJ | Adult Division 6B | Chiefs 1 | Leftovers | RG/FW26 | Niklas Myers | Alexand Dillon |
| 541164 | Sat Sep 20 | 9:15 PM | San Jose Sharks | SIAHL@SJ | Adult Division 6B | Stanleys Closers | Blade Runners | RG/FW26 | Niklas Myers | Alexand Dillon |
| 537955 | Sun Sep 21 | 6:30 PM | San Jose Black (E) | SIAHL@SJ | Adult Division 4B | Pied Sniper | Ham Sandwich | RG/FW26 | Niklas Myers | Josh McMinn |
| 537956 | Sun Sep 21 | 8:00 PM | San Jose Black (E) | SIAHL@SJ | Adult Division 4B | Irish Car Bombs | Nuggets 1 | RG/FW26 | Niklas Myers | Josh McMinn |
| 537957 | Sun Sep 21 | 9:30 PM | San Jose Black (E) | SIAHL@SJ | Adult Division 5A | Grizzlies | DeKes of Hazzard | RG/FW26 | Niklas Myers | Josh McMinn |
| 537563 | Mon Sep 22 | 9:00 PM | San Jose Tech CU | SIAHL@SJ | Adult Division 8A | Rebel Scum 3 | Flying Puckmen | RG/FW26 | Niklas Myers | Daniel Garaycoch |
| 537562 | Mon Sep 22 | 10:30 PM | San Jose Tech CU | SIAHL@SJ | Adult Division 8A | Seal Team Sticks 4 | JuggerKnights | RG/FW26 | Niklas Myers | Daniel Garaycoch |
| 538639 | Tue Sep 23 | 9:45 PM | San Jose Black (E) | SIAHL@SJ | Adult Division 7A | Rebel Scum 1 | Bandits 2 | RG/FW26 | Niklas Myers | Raymor Hansell |