UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOGAN DAKOTA KAI BLÖMQVIST, et al., <br><br> Plaintiffs, <br><br> v. <br><br> EXTRA SPACE STORAGE, INC., et al., <br><br> Defendants. | Case No. 25-cv-07867-EKL <br><br> **ORDER SCREENING COMPLAINT AND DENYING MOTION FOR PRELIMINARY INJUNCTION** <br><br> Re: Dkt. No. 15, 16 |

This case arises out of a dispute concerning access to storage units located in Campbell and Los Gatos, California. Before the Court are Plaintiffs' amended complaint for screening and a motion for a preliminary injunction. *See* ECF No. 15; ECF No. 16. The Court screens the amended complaint, dismisses Plaintiffs' 42 U.S.C. § 1983 claim, and finds that the remaining federal claims meet the requirements of 28 U.S.C. § 1915. As Plaintiffs are proceeding *in forma pauperis* ("IFP"), the Court ORDERS service of the amended complaint, but DENIES Plaintiffs' motion for a preliminary injunction, finding that Plaintiffs have not met the demanding standard for such extraordinary relief.

**I.   PROCEDURAL HISTORY**

On September 16, 2025, self-represented Plaintiffs Logan Blömqvist and Todd Myers filed an ex parte application for a temporary restraining order ("TRO") and IFP applications. ECF Nos. 1-3. The Court denied the TRO application as premature because Plaintiffs had not filed a complaint. ECF No. 7; s*ee also* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). The Court deferred ruling on the IFP applications, and informed Plaintiffs that it would screen any future complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). ECF No. 7.

On September 19, 2025, Plaintiffs filed a complaint alleging that they are being denied access to their respective storage units in violation of their leases, and that they are being discriminated against on account of race and disability. *See* ECF No. 8. Shortly thereafter, Plaintiffs filed a second TRO application seeking immediate and unrestricted access to their leased storage units, as well as email-only communication between Plaintiffs and Defendants Extra Space Storage, Inc. ("Extra Space"), and its employees. ECF No. 12. On October 17, 2025, the Court granted Plaintiffs' IFP applications, screened the complaint, and denied the TRO application. ECF No. 14 ("Screening Order"). The Court dismissed the complaint, with leave to amend, for failure to state a claim. *Id.*

Plaintiffs filed an amended complaint and a third TRO application.[1] ECF No. 15; ECF No. 16. On November 19, 2025, the Court converted Plaintiffs' third TRO application into a motion for preliminary injunction, set a briefing and hearing schedule, and ordered the Clerk to notify Defendants by certified mail. ECF No. 17. Defendants have not been personally served a copy of the complaint or summons and have not appeared. Therefore, the Court proceeds with screening of the complaint and orders service.

## II.   SCREENING THE COMPLAINT

Section 1915(e)(2) requires the Court to screen complaints filed by persons proceeding *in forma pauperis*. The Court must identify any cognizable claims, and dismiss claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). The amended complaint alleges three federal causes of action – violations of 42 U.S.C. § 1983, 42 U.S.C. § 12181, and 42 U.S.C. § 12203[2] – and various state law causes of action.[3] *See* ECF No. 15. The Court finds that the

---

[1] The third TRO application is improperly captioned "Second MOTION for Temporary Restraining Order[.]" ECF No. 16.

[2] In the original complaint, Plaintiffs alleged a violation of 29 U.S.C. § 504. The amended complaint does not reallege this cause of action. Instead, Plaintiffs allege retaliation in violation of 42 U.S.C. § 12203.

[3] The state law causes of action include violations of the Unruh Civil Rights Act, the Ralph Civil Rights Act, the California Disabled Persons Act, and the California Self-Service Storage Facility

complaint satisfies the requirements of 28 U.S.C. § 1915(e)(2) because it states at least one cognizable claim on its face, and is not otherwise frivolous, malicious, or seeking monetary relief from immune defendants.

### A. 42 U.S.C. § 1983

In its previous screening order, the Court found that Plaintiffs had not stated a cognizable Section 1983 claim because Plaintiffs failed to allege joint action between Defendants and law enforcement. Screening Order at 2-4. The Court noted that it was *Plaintiffs* who "repeatedly requested police intervention," and "[t]he fact that the police did not intervene further in Plaintiffs' favor is insufficient to infer a conspiracy between Defendants and the police officers." *Id.* at 4. Plaintiffs reassert the Section 1983 claim in the amended complaint, but omit the allegations relating to their own requests for the police presence. Instead, Plaintiffs allege that "[p]olice assistance/refusal enabling a private lockout constitutes state action[.]" ECF No. 15 ¶ 21. This allegation is insufficient for the same reasons articulated in the Court's previous screening order. *See* Screening Order at 4 ("Based on the totality of the allegations in the [amended] complaint, Plaintiffs have failed to allege any agreement or meeting of the minds between Defendants and the police." (citing *Fonda v. Gray*, 707 F.2d 435, 438 (9th Cir. 1983)).

Therefore, the Court dismisses the Section 1983 claim with leave to amend if Plaintiffs can do so in good faith. This will be Plaintiffs' last opportunity to amend their Section 1983 claim to allege a conspiracy or joint action between Defendants and law enforcement. Failure to cure the deficiencies identified in this Order and the previous screening order will result in dismissal of the Section 1983 claim with prejudice.

### B. 42 U.S.C. § 12181

Construing the complaint liberally, the Court finds that Plaintiffs sufficiently allege a cognizable claim for violation of Title III of the Americans with Disabilities Act ("ADA"). To establish a violation of Title III, the plaintiff must allege that (1) he is disabled as defined by the

---

Act, as well as common law claims for breach of implied covenant of quiet enjoyment, conversion, and intentional infliction of emotional distress.

ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation;[4] (3) the defendant employed a discriminatory policy or practice; and (4) the defendant discriminated against the plaintiff based on the plaintiff's disability by failing to make a requested reasonable modification that was necessary to accommodate the plaintiff's disability. *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004) (citing 42 U.S.C. §§ 12182(a) and (b)(2)(A)(ii)).

Plaintiffs allege that they are each "medically vulnerable" with "PTSD/anxiety triggers," and require access to certain medications stored in their respective storage units. ECF No. 15 ¶¶ 6-7, 25. Plaintiffs further allege that they "repeatedly requested reasonable modifications," including: (1) email-only communications, (2) "predictable access [to storage units] for medications," and (3) acceptance of Myers' "written advocate authorization" for Blömqvist to act on Myers' behalf. *Id.* ¶ 25. They further allege that Defendants "refus[ed] to engage in the ADA interactive process." *Id.* ¶ 27.

The Court previously found that Plaintiffs' original complaint did not state a cognizable ADA claim because Plaintiffs failed to identify any discriminatory "policy or practice." ECF No. 14 at 5-6 (explaining that the lock-out policy is facially neutral, and Plaintiffs failed to allege that the policy placed a "different and greater burden" on Plaintiffs due to their disabilities). The Court maintains doubt as to whether the first two requested modifications – email-only communications and on-going access to storage units despite previous failure to pay monthly fees – are "reasonable modifications . . . necessary to accommodate the [Plaintiffs'] disability." *See* Screening Order at 6. However, on its face, refusal to accept "written advocate authorization" coupled with "refusing to engage in [an] interactive process" plausibly states a cognizable Title III claim.

---

[4] Defendant Extra Space owns and/or operates storage facilities in Campbell and Los Gatos, California. ECF No. 15 ¶ 8. Construing the complaint liberally, Plaintiffs allege that Extra Space leases storage units to members of the public, including to Plaintiffs. Defendants Noreta Mendez, Jessica Brubaker, and David Gallegos are allegedly employees of Extra Space with managerial or supervisory roles. *Id.* ¶¶ 9-11; *see also Lentini v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 849 (9th Cir. 2004) (holding that an individual "operator" of public accommodations can be liable under Title III).

### C.  42 U.S.C. § 12203

The Court finds that the complaint alleges a cognizable claim under 42 U.S.C. § 12203. Section 12203 provides, in relevant part, that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter[,]" and that it is unlawful to "coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of . . . any right granted or protected by this chapter." *Id.* Plaintiffs allege that "within 24 hours" of making a written request for reasonable modifications under the ADA,[5] Defendants retaliated by placing overlocks on Plaintiffs' storage units, cancelling their leases, and restricting Plaintiffs' access to business hours only. ECF No. 16 ¶ 32. This is sufficient, on its face, to state a plausible retaliation claim. Because the amended complaint states a cognizable claim, the Court finds that it satisfies the requirements of 28 U.S.C. § 1915(e)(2).

### III.  THE MOTION FOR A PRELIMINARY INJUNCTION IS DENIED

Plaintiffs have not satisfied the standard for obtaining the "extraordinary remedy" of a preliminary injunction. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). Among other elements, Plaintiffs must establish that they are likely to succeed on the merits of their claim and that they face a likelihood of "irreparable harm in the absence of preliminary relief." *Id.* at 20. Alternatively, they must raise "serious questions going to the merits" of their claim and show that "the balance of hardships tips sharply in [the movant's] favor." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). To raise serious questions, the movant's claim must be more than just "plausible." *Where Do We Go Berkeley v. Cal. Dep't of Transp.*, 32 F.4th 852, 863 (9th Cir. 2022).

Although the Court has found that Plaintiffs' ADA claims survive Section 1915(e)(2) screening, these claims are *plausible* at best. Through the course of this lawsuit, Plaintiffs will be required to show that Defendants employed a policy or practice that discriminated against Plaintiffs on account of their disabilities. In addition, Plaintiffs will be required to show that the

---

[5] Plaintiffs' Title III claim "constitutes the predicate for any claim of retaliation and/or interference" under Section 12203. *McColm v. S.F. Hous. Auth.,* No. C 02-5810 PJH, 2007 WL 1575883, at *13 (N.D. Cal. May 29, 2007).

5

1  requested modifications were necessary to accommodate Plaintiffs' disabilities. If Plaintiffs are
2  able to make this *prima facie* showing, Defendants will have the opportunity to present evidence
3  to the contrary. Similarly, Plaintiffs will be required to show that Defendants' retaliatory conduct
4  relates to Plaintiffs' assertion of their rights under the ADA. Based on the allegations before the
5  Court, Plaintiffs have not demonstrated a likelihood of success on the merits or even "serious
6  questions going to the merits."

Additionally, Plaintiffs have not demonstrated a likelihood of "irreparable harm in the absence of a preliminary injunction." Plaintiffs argue that they face irreparable harm because they are "medically fragile and have life-sustaining medications and devices" inside the storage units. ECF No. 16 at 2. However, it appears that Plaintiffs have been granted "business-hours-only" access to the storage units – even though Plaintiffs previously admitted to missing payments due under their lease. ECF No. 15 ¶¶ 27-28; *see also* ECF No. 8 ¶¶ 11 (admitting to missed payment), 17, 18, 21. Because Plaintiffs have been given access on multiple occasions to retrieve items, the Court does not find that Plaintiffs face a likelihood of irreparable harm that the Court can remedy at this stage. In addition, Plaintiffs allege that one of the units "remains under imminent auction threat." ECF No. 16 at 3. However, Plaintiffs have not provided any additional information, nor have they alleged that an auction is presently scheduled. Therefore, the Court finds that Plaintiffs have not met their burden for obtaining a preliminary injunction. The motion is DENIED.

## IV.  CONCLUSION

1. Plaintiffs have satisfied 28 U.S.C. § 1915(e)(2) because they have stated cognizable claims against Defendants for violations of the ADA, specifically 42 U.S.C. §§ 12181, 12203. Therefore, the Court ORDERS SERVICE of all named Defendants. The Clerk of Court shall issue the summons, and the U.S. Marshal for the Northern District of California shall serve, without payment of fees, the amended complaint (ECF No. 15), this Order, and the summons upon Defendants.

2. Plaintiffs' 42 U.S.C. § 1983 claim is DISMISSED WITH LEAVE TO AMEND. Should Plaintiffs later wish to amend the complaint to add the Section 1983 claim, they will be given one last opportunity to do so. The deadline for the amendment will be set

6

at the Status Conference scheduled for **March 4, 2026, at 3:00 p.m.** *in person* at 280 South 1st Street, San Jose, California – Courtroom 7.

3. The Court DEFERS ruling on whether to exercise supplemental jurisdiction over the state law claims. After Defendants are served and appear, the Court will order briefing on the issue of whether it should exercise supplemental jurisdiction over the state law claims.

4. The Court DENIES Plaintiffs' motion for a preliminary injunction.

**IT IS SO ORDERED.**

Dated: January 7, 2026

Eumi K. Lee
United States District Judge